Tammy Hussin (155290)
WEISBERG & MEYERS, LLC
6455 Pyrus Pl.
Carlsbad, CA 92011
760 676 4001 ext 215
866 565 1327 facsimile
thussin@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| Ciji Ray | ) Case No.  SACV08-00707 AG (MANx) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR VIOLATION |
| vs. | ) OF FEDERAL FAIR DEBT |
| | ) COLLECTION PRACTICES ACT |
| First Revenue Assurance, LLC | ) AND ROSENTHAL FAIR DEBT |
| | ) COLLECTION PRACTICES ACT |
| Defendant. | ) AND INVASION OF PRIVACY |
| | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Ciji Ray, is a natural person residing in Orange County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. At all relevant times herein, Defendant, First Revenue Assurance, LLC ("Defendant") was a Colorado limited liability company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about January 18th, 2008, Plaintiff received an initial communication from Defendant, demanding payment of the alleged debt.

7. Subsequently, on January 31, 2008, within the thirty day period as described in 15 USC 1692(a), Plaintiff notified Defendant in writing that the validity of the alleged debt was in dispute.

8. Thereafter, on February 18, 2008, Defendant sent an additional letter to Plaintiff again demanding payment of the alleged debt, without first providing Plaintiff with validation of the debt as required under the FDCPA, in violation of 15 USC § 1692g(b).

9. On at least one occasion in the past year, Defendant used false representations and deceptive means in connection with collection of the alleged debt, including a statement to Plaintiff that the collector was a police officer in violation of 15 USC § 1692e(10) and Cal Civ Code 1788.11(b) and Cal Civ Code 1788.13(d).

10. On at least one occasion in the past year, Defendant failed to provide meaningful identification in telephone calls to Plaintiff in violation of 15 USC § 1692d(6) and Cal Civ Code 1788.11(b).

11. On at least one occasion in the past year, Defendant caused Plaintiff's phone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff in violation of 15 USC § 1692d(5) and Cal Civ Code 1788.11(d),(e).

12. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

13. As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
- B. Actual damages;
- C. Statutory damages for willful and negligent violations;
- D. Costs and reasonable attorney's fees,
- F. For such other and further relief as may be just and proper.

### COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Actual damages
- B. Punitive Damages; and,
- C. For such other and further relief as may be just and proper.